# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1340V
Filed: November 8, 2016
TO BE PUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KEVIN FINNEGAN, | \* |
| | \* |
| Petitioner, | \* |
| v. | \*   Attorneys' Fees and Costs; |
| | \*   Appropriate Hourly Rate; |
| SECRETARY OF HEALTH | \*   Rate for Travel; Special |
| AND HUMAN SERVICES, | \*   Processing Unit ("SPU") |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Amber Diane Wilson*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 6, 2015, Kevin Finnegan ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he sustained a left shoulder injury, later diagnosed as brachial neuritis, as a result of receiving an influenza ("flu") vaccine on January 6, 2015. Petition at 1-2. On August 18, 2016, the undersigned issued a decision awarding $289,861.09, in compensation to petitioner based on the parties' joint stipulation. (ECF No. 28). Judgment entered on August 29, 2016. (ECF No. 30).

On September 27, 2016, petitioner filed an unopposed motion requesting $10,833.50 in attorneys' fees and $948.64 in attorneys' costs for a total amount of

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$11,782.14.  Motion for Attorneys' Fees and Costs ("Pet. Motion") at ¶¶ 2-3, 7 (ECF No. 31).  Petitioner incurred no out-of-pocket expenses.[3]  In petitioner's motion, he states that respondent does not object to the overall amount being requested by petitioner "as it is not an unreasonable amount to have been incurred for proceedings in this case to date."  *Id.* at ¶5, 1.

On October 27, 2016, the undersigned issued a reasoned decision in *Solomon v. Sec'y of Health & Human Servs.*, No. 14-748V (Fed. Cl. Spec. Mstr. Oct. 27, 2016), addressing the issue of the appropriate hourly rate for petitioner's attorney, Amber Wilson.  The undersigned concluded that the appropriate hourly rate for Ms. Wilson's work performed in 2014-15 is $225 and in 2016 is $275.  The undersigned also addressed the appropriate hourly rate for attorney travel time, which the undersigned held should be billed at one-half of the normal hourly billing rate.

The undersigned has reviewed the billing records submitted with petitioner's motion for fees.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the number of hours requested or the amount requested in costs.  However, consistent with *Solomon*, *supra*, the undersigned reduces the award to reflect the appropriate hourly billing rate for Ms. Wilson and a rate reduction for travel time.

Petitioner billed 7.5 hours of time for work performed by Ms. Wilson in 2015 at a rate of $295.  Consistent with *Solomon*, undersigned finds that an appropriate rate for Ms. Wilson's work in 2015 is $225.  Thus, petitioner's award is reduced by the resulting difference, **$525**.  Petitioner billed 8.9 hours at a rate of $301 for work performed in 2016.  Again, consistent with *Solomon*, undersigned finds that an appropriate rate for Ms. Wilson's work in 2016 is $275.  Thus, petitioner's award is further reduced by the resulting difference, **$231.40**.

The undersigned has also determined that petitioner shall be paid for Ms. Wilson's time spent traveling at one-half of her normal hourly billing rate.  Petitioner billed for 2 hours of travel by Ms. Wilson in 2016.  Thus, petitioner's award is further reduced by **$275** to reflect the reduction in hourly rate from $275 to $137.50.  The total amount deducted from the amount of <u>attorneys' fees</u> requested by petitioner is **$1,031.40**.

The amount of attorneys' costs requested by petitioner is $948.64.  Although petitioner failed to produce documentation of one expense, a $14.79 charge for a payment to Worldwide Express for a UPS delivery of the stipulation to the Department of Justice, the undersigned finds the undocumented amount to be reasonable and

---

[3] In compliance with General Order #9, petitioner filed a signed statement indicating he incurred no out-of-pocket expenses.  *See* Exhibit 14, filed as an Attachment to Pet. Motion.  Additionally, in accordance with General Order #9, petitioner's counsel indicated in the motion for attorneys' fees and costs that petitioner incurred no out-of-pocket expenses.  *See* Pet. Motion at ¶ 3.

related to the proceedings in this case.  Thus, petitioner is awarded the full amount of costs claimed, **$948.64**.

For the reasons discussed below, the undersigned reduces the amount requested by petitioner and awards **$1,031.40** in attorneys' fees, and awards the full amount claimed for costs of $948.64, for a total award of **$10,750.74.**

The undersigned awards a total award of **$10,750.74[4] payable jointly to petitioner and petitioner's counsel, Amber Wilson.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                      **s/Nora Beth Dorsey**
                                                      Nora Beth Dorsey
                                                      Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.